IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BRUNSWICK CAPITAL LLC,<br>BRUNSWICK CAPITAL PARTNERS LP<br>- and -<br>WAYNE P. WEDDINGTON III.<br><br>Defendants. | Civil No.: 14-cv-2800<br><br>Hon C. McMahon<br><br>Magistrate K. Fox |

## CONSENT ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST DEFENDANTS BRUNSWICK CAPITAL LLC, BRUNNSWICK CAPITAL PARTNERS LP AND WAYNE P WEDDINGTON

On April 18, 2014, Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") filed a *Complaint for Injunctive and Other Equitable Relief and Civil Monetary Penalties Under the Commodity Exchange Act* in this matter against Defendants Brunswick Capital LLC ("BCLLC"), Brunswick Capital Partners LP ("BCLP") and Wayne P. Weddington III. (collectively "Defendants"), alleging violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 *et seq.* (2012). On April 23, 2014, the Commission filed a *Motion for Preliminary Injunction and Other Ancillary and Equitable Relief Against Defendants Brunswick Capital LLC, Brunswick Capital Partners LP, and Wayne P. Weddington III.*

Defendants, without admitting or denying the allegations in the Complaint, consent to the entry of this Order of Preliminary Injunction and Other Equitable Relief ("Order").

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action and the parties hereto pursuant to § 6c(a) of the Act, 7 U.S.C. § 13a-1(a), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear to the Commission that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder;

2. Venue properly lies with this Court pursuant to § 6c(e) of the Act, 7 U.S.C. § 13a-1(e), in that the Defendants are found in, inhabit, or transact business in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district, among other places;

## II. THE PARTIES

3. Plaintiff Commission is an independent federal regulatory agency charged with the responsibility for administering and enforcing the provisions of the Act, 7 U.S.C. §§ 1 *et seq.*, and the Regulations promulgated thereunder, 17 C.F.R §§ 1.1 *et seq.* (2013);

4. Defendant Brunswick Capital LLC is a Connecticut limited liability corporation with its principal place of business in New Canaan, Connecticut. BCLLC was formed in 2004. Weddington became BCLLC's managing member. BCLLC served as the CPO for the Pennoyer Fund. BCLLC has never been registered with the Commission in any capacity.

5. Defendant Brunswick Capital Partners LP is a Delaware limited partnership with its principal place of business in New York, New York. Weddington formed BCLP in 2007. Weddington became BCLP's managing partner and president. BCLP served as the advisor to the Pennoyer Fund. From its inception until October 2011, BCLP was not registered with the Commission. BCLP became registered with the Commission as a CTA in October 2011 and is

2

currently registered in that capacity. In December 2012, Weddington sought to withdraw this registration.

6. Defendant Wayne Pennoyer Weddington III is a resident of New York, New York. Weddington is a member of BCLLC. Weddington also formed BCLP and is its' managing partner and president. Weddington was never registered with the Commission until January 2012 when he became registered with the Commission as an associated person ("AP") of BCLP. He is currently registered in that capacity. In December 2012, Weddington sought to withdraw this registration.

### III. FINDINGS

7. Defendants have been properly served in this matter and have had adequate notice and an opportunity to be heard in this matter therewith.

8. There is good cause for the entry of this Consent Order and there is no just reason for delay.

9. Weddington represents that he is authorized to enter into this Consent Order on behalf of BCLLC and BCLP.

### IV. INJUNCTIVE RELIEF GRANTED

IT IS THEREFORE ORDERED THAT:

10. Defendants Weddington and BCLP are restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

    A. Willfully making any false, fictitious or fraudulent statement or representation, or make or use any false writing or document to a registered entity, board of trade, swap data repository, or futures association designated or registered under the Act acting in furtherance of its official duties under the Act in violation of Section 9(a)(4) of the Act, 7 U.S.C. § 13(a)(4); and

3

    B.     Making use of the mails or any means or instrumentalities of interstate commerce in connection with their business as a commodity trading advisor unless registered with the Commission in violation of Section 4m(1) of the Act, and 7 U.S.C. § 6m(1).

11.   Defendants BCLLC, BCLP and Weddington are restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly from:

    A.     Cheating and defrauding or attempting to cheat or defraud any person, or willfully deceiving or attempting to deceive any person by any means whatsoever in connection with any order to make, or the making of, any contract of sale of any commodity in interstate commerce or for future delivery that is made or to be made on or subject to the rules of a designated contract market, for or on behalf or any other person, in violation of Section 4b(a)(1)(A) and (C) of the Act, 7 U.S.C. § 6b(a)(1)(A) and (C);

    B.     Employing any device, scheme, or artifice to defraud any participant or prospective participant, or engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any participant or prospective participant, by use of the mails or any means or instrumentality of interstate commerce, in violation of Section 4o(1)(A) and (B) of the Act, 7 U.S.C. §§ 6o(1)(A) and (B); and

    C.     Presenting the performance of any simulated or hypothetical commodity interest account, transaction in a commodity interest or series of transactions in a commodity interest of a commodity pool operator, commodity trading advisor, or any principal thereof, unless such performance is accompanied by the disclaimers contained in Commission Regulation 4.41(b), 17 C.F.R § 4.41(b).

12.   Defendants BCLLC, BCLP and Weddington are further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

    A.     Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40);

    B.     Soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling of any commodity futures, commodity options (as that term is defined in Regulation 32.1(b)(1)), 17 C.F.R. § 32.1(b)(1) (2013)) ("commodity options"), security futures products, swaps (as that term is defined in Section 1a(47) of the Act, as amended, and as further defined by Commission Regulation 1.3(xxx), 17 C.F.R. § 1.3(xxx)) ("swaps"), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended, 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts"), for or on behalf of any other person or entity, whether by power of attorney or otherwise;

4

C.  Entering into any transactions involving commodity futures, options on commodity futures, commodity options, and/or forex for any personal account or for any account in which they have a direct or indirect interest;

D.  Having any commodity futures, options on commodity futures, commodity options, and/or forex contracts traded on their behalf;

E.  Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or forex contracts;

F.  Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17C.F.R. § 4.14(a)(9); and

G.  Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a), agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9).

H.  Provided however, that Weddington may trade funds that are solely his own and held in his name and not in the name of BCLLC, BCLP or any other person or entity.

### IT IS FURTHER ORDERED THAT:

13. The injunctive provisions of this Order shall be binding on Defendants, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of Defendants, and upon any person who receives actual notice of this Order by personal service or otherwise, including UPS or other commercial overnight service, email or facsimile, insofar as he or she is acting in active concert or participation with Defendants.

14. Defendants and their agents, servants, employees, successors, assigns, attorneys and all persons insofar as they are acting in active concert or participation with them who receive

5

actual notice of this Order by personal service or otherwise, including UPS or other commercial overnight service, email or facsimile, are restrained and enjoined from directly or indirectly destroying, mutilating, concealing, altering or disposing of, in any manner, any of the books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of Defendants wherever located, including all such records concerning the Defendants' business operations.

## V.   BOND NOT REQUIRED OF PLAINTIFF

IT IS FURTHER ORDERED THAT:

15. Pursuant to Section 6(c) of the Act, 7 U.S.C. § 13a-1, no bond need be posted by the Plaintiff, CFTC, which is an agency of the United States of America.

## VI.   SERVICE ON THE COMMISSION

16. **IT IS FURTHER ORDERED** that the Defendants shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Plaintiff Commission by delivering a copy to Camille M. Arnold, Senior Trial Attorney, Joseph Konizeski, Chief Trial Attorney, or Rosemary Hollinger, Associate Director, Division of Enforcement, Commodity Futures Trading Commission, 525 W. Monroe, Suite 1100, Chicago, Illinois 60661.

## VII.   COURT MAINTAINS JURISDICTION

17. **IT IS FURTHER ORDERED** that this Preliminary Injunction shall remain in full force and effect during the pendency of this case, or until further order of this Court, upon application, notice and an opportunity to be heard, and that this Court retains jurisdiction of this matter for all purposes related to this action.

Consented to and approved for entry:

Brunswick Capital LLC,
Brunswick Capital Partners LP and Wayne
P. Weddington III

By: *Wayne Weddington*

Wayne P. Weddington III, individually
and as an Officer of Brunswick Capital
LLC, and Member of Brunswick Capital
LP

Dated: 07 / 03 / 2014, 2014

*Camille M. Arnold*
Camille M. Arnold
One of the Attorneys for
The Commodity Futures Trading
Commission
525 West Monroe Street
Suite 1100
Chicago, Illinois 60661
(312) 596-0524

Dated: 7/8/14, 2014

Approved as to form:

*Kevin Puvalowski*

Kevin Puvalowski, Esq.,
Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112-0015
(212) 653-8700

Dated 7.3.14, 2014

IT IS SO ORDERED.

Dated: July 9, 2014

*Colleen McMahon*

Honorable Colleen McMahon
UNITED STATES DISTRICT JUDGE